UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAT ABBAS DOGO,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY<br>Respondent. | No. 1:26-cv-07753-DAD-SCR<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS; DENYING PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND TO EXPEDITE RULING AS MOOT<br><br>(Doc. Nos. 1, 2, 10) |

On September 23, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner also filed a motion for a temporary restraining order ("TRO") seeking his immediate release (Doc. No. 2) and, on November 10, 2026, a motion to expedite ruling. (Doc. No. 10.)

On September 24, 2026, the court directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In addition, respondent was directed to state any opposition it had to the court's stated intention to rule on the underlying habeas petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*) Respondent filed its opposition, in which it states that

petitioner is being detained pursuant to 8 U.S.C. § 1226(a). Respondent's response does not object to this court ruling on petitioner's habeas petition currently, so the court will do so now.

Petitioner is a citizen of Chad who entered the United States by way of its border between Texas and Mexico on or about November 24, 2023. (Doc. No. 1 at 2, Doc. No. 6 at 7.) Petitioner came into immigration authorities' attention at that time but was then released on his own recognizance. (Doc. No. 1 at 2, Doc. No. 6 at 12.) Petitioner states he currently has a pending asylum application pending before the immigration court. (Doc. No. 1 at 2.) Respondent has attached a notice to appear dated April 1, 2024 for petitioner. (Doc. No. 6 at 7.) Further, respondent included an arrest warrant for petitioner dated May 27, 2026. (*Id.* at 15.) Petitioner's roommate was arrested by immigration authorities on or about June 11, 2026, but then was permitted to return to his apartment to obtain his passport where officials then encountered petitioner at which time petitioner was also placed into immigration custody where he remains. (*Id.* at 18-19.) There is nothing before the court suggesting that petitioner is the subject of a removal order.

There are certain due process protections afforded to petitioner under the Fifth Amendment to the United States Constitution. Because immigration authorities had previous knowledge of petitioner's presence in the United States and in November 2023 released him on his own recognizance, the court incorporates its reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *3–5 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's current detention without a pre-deprivation hearing following a release by immigration authorities violated the petitioner's due process rights.

Accordingly:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Ahmat Abbas Dogo, A-File No. 245-535-734, from respondent's custody on the same conditions, if any, he was subject to prior to his current detention on or before June 11, 2026;

b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

2.. Petitioner's motions for a temporary restraining order (Doc. Nos. 2) and to expedite (Doc. No. 10) are DENIED as having been rendered moot by this order granting habeas relief;

3.. The Clerk of the Court is DIRECTED to change the respondent in this case to the Warden of the California City Correctional Center in light of petitioner's filing of a notice of change of address (Doc. No. 8), and to serve this order on that Warden; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **November 17, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE